**United States District Court**
**Southern District of New York**
────────────────────────────────────────

**EVIATAR MOR, ET AL.,**
                    **Plaintiffs,**

    - against -

**ROYAL CARIBBEAN CRUISES LTD.,**
                   **Defendant.**
────────────────────────────────────────

**12 Civ. 3845 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    This tort action arises out of events that transpired while the plaintiffs, two Israelis currently residing in Brooklyn, were on a cruise offered by the defendant, Royal Caribbean Cruises Ltd. ("Royal Carribean"). Shortly after the action was filed in this Court, the Court issued several Orders inquiring as to the parties' citizenship for the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the only basis asserted for subject matter jurisdiction in this case.

    The parties have now responded to those inquiries. For the reasons explained below, this case is dismissed sua sponte for lack of subject matter jurisdiction.

I.

    A court "may examine subject matter jurisdiction, sua sponte, at any stage of the proceeding." FDIC v. Four Star Holding Co., 178 F.3d 97, 100 n. 2 (2d Cir. 1999) (per curiam)

1

(citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990))).

With respect to diversity jurisdiction, the presence of an alien on both sides of the case destroys complete diversity. See, e.g., Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir. 1980); Sty-Lite Co. v. Eminent Sportswear Inc. 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000); Lloyds Bank PLC v. Norkin, 817 F. Supp. 414, 417 (S.D.N.Y. 1993). The issue is the citizenship of the parties in this case for the purpose of diversity.

## II.

The defendant, Royal Caribbean, is a publicly traded company incorporated in the nation of Liberia, with its principal place of business in the state of Florida. See Form 10-K of Royal Caribbean Cruises Ltd. for the 2011 Fiscal Year, available at http://www.sec.gov/Archives/edgar/data/884887/000119312512087322/d254924d10k.htm. For diversity purposes, corporations are "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). When a corporation is incorporated in a foreign state, but has its principal place of business in the United States, the corporation is considered an alien for diversity purposes. See

<u>Franceskin v. Credit Suisse</u>, 214 F.3d 253, 258 (2d Cir. 2000). Royal Caribbean's incorporation in Liberia renders it an alien for the purpose of assessing diversity jurisdiction.

The plaintiffs are Israeli citizens residing in New York City. Compl. at ¶¶ 3-4. Section 1332 treats "citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States" as citizens of the state in which they are domiciled. 28 U.S.C. § 1332(a)(2). Courts have found that the language of § 1332(a)(2) refers "to an alien litigant's official immigration status." <u>Foy v. Schantz, Schatzman & Aaronson, P.A.</u>, 108 F.3d 1347, 1349 (11th Cir. 1997); <u>accord</u> <u>Mejia v. Barile</u>, 485 F. Supp. 2d 364, 367 (S.D.N.Y. 2007); <u>Tevdorachvili v. Chase Manhattan Bank</u>, 103 F. Supp. 2d 632, 637-638 (E.D.N.Y. 2000); <u>Kato v. County of Westchester</u>, 927 F. Supp. 714, 715-16 (S.D.N.Y. 1996). "Therefore, aliens who have been accorded lawful permanent resident status under the immigration laws are considered aliens 'admitted for permanent residence,' while aliens admitted to the United States on temporary nonimmigrant visas are not." <u>Kato</u>, 927 F. Supp. at 716.

The plaintiffs have submitted documentation indicating that one of the plaintiffs, Eviatar Mor, is a permanent resident of the United States. The plaintiffs have also submitted documentation that the other plaintiff, David Amsalem, is in the

3

United States pursuant to a B1/B2 visa. B1/B2 visas are issued to "a nonimmigrant visitor for business . . . or pleasure" upon a consular officer's satisfaction that "[t]he alien intends to leave the United States at the end of the temporary stay." 22 C.F.R. § 41.31 ("Temporary visitors for business or pleasure"). Therefore, plaintiff Amsalem is plainly an alien for the purpose of assessing diversity jurisdiction, because he is in the United States pursuant to a temporary, nonimmigrant visa. See, e.g., Kato, 927 F. Supp. at 715-17.

"The general rule requiring complete diversity between opposing parties is explicit and unequivocal." International Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 391 (2d Cir. 1989). In this case, complete diversity is destroyed by the presence of an alien on both sides of the case. Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## CONCLUSION

The complaint is dismissed without prejudice for lack of subject matter jurisdiction. **The Clerk is directed to close this case and to close all pending motions.**

SO ORDERED.

Dated: New York, New York
June 19, 2012

/s/ John G. Koeltl
John G. Koeltl
United States District Judge

4